# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| PROTRADENET LLC | § | |
| *Plaintiff.* | § § § | |
| v. | § § | Consolidated<br>Civil Action No. 6:18-CV-38-ADA |
| PREDICTIVE PROFILES, INC. | § § § | |
| *Defendant.* | § | |

| | | |
|---|---|---|
| PREDICTIVE PROFILES, INC. | § § | |
| *Plaintiff.* | § § | |
| v. | § § | |
| PROTRADENET LLC AND DWYER FRANCHISING LLC, | § § § | |
| *Defendants.* | § | |

## FINAL JUDGMENT AND PERMANENT INJUNCTION

Before the Court is the above-entitled and numbered cause. All parties having appeared and answered herein, the Court held a bench trial in this cause on October 21, 2019, and October 22, 2019. The Court entered its Findings of Fact and Conclusions of Law which are incorporated herein by reference. After consideration of the testimony and documentary evidence, the court record, prior orders, and arguments of counsel, the Court finds that the following Final Judgment and Permanent Injunction should be granted.

IT IS ORDERED that Predictive Profiles, Inc. take nothing on its claims against ProTradeNet LLC and Dwyer Franchising LLC.

IT IS FURTHER ORDERED that ProTradeNet LLC have and recover from Predictive Profiles, Inc., judgment in the sum of Twenty-One Thousand Fifteen and No/100 Dollars ($21,015.00).

IT IS FURTHER ORDERED that ProTradeNet LLC have and recover from Predictive Profiles, Inc., additional judgment for its reasonable and necessary attorneys' fees as assessed by the Court at a later date.

IT IS FURTHER ORDERED that Dwyer Franchising LLC have and recover from Predictive Profiles, Inc., judgment in the additional sum of Three Million Five Hundred Ninety-Three Thousand Eight Hundred Seventy-Eight No/100 Dollars ($3,593,878.00)

The Court has found that this case constitutes an exceptional case as defined by 15 U.S.C. § 1117(a). IT IS THEREFORE ORDERED that Dwyer Franchising LLC have and recover from Predictive Profiles, Inc. additional judgment for its reasonable and necessary attorneys' fees as assessed by the Court at a later date.

IT IS FURTHER ORDERED that ProTradeNet LLC and Dwyer Franchising LLC have and recover from Predictive Profiles, Inc., their costs of court as assessed by the Court at a later date.

IT IS FURTHER ORDERED that ProTradeNet LLC and Dwyer Franchising LLC be awarded post-judgment interest, respectively, as allowed by 28 U.S.C. § 1961.

IT IS FURTHER ORDERED that Predictive Profiles, Inc. and all of its past and present agents, officers, directors, successors, assigns, parents, subsidiaries, affiliates, related companies, predecessors-in-interest, companies, agents, employees, heirs, personal representatives, beneficiaries, relatives, and all other persons or entities acting or purporting to act for it or on its behalf, including, but not limited to, any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with Predictive Profiles, Inc. or Predictive Profiles, Inc.'s representatives, agents, assigns, parent entities, employees, independent contractors, associates, servants, affiliated

entities, and any and all persons and entities in active concert and participation with Predictive Profiles, Inc. who receive notice of this Order, shall be and hereby are PERMANENTLY ENJOINED from:

1) providing, selling, marketing, advertising, promoting, or authorizing any third party to provide, sell, market, advertise, or promote any goods or services bearing any mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Dwyer Franchising LLC and ProTradeNet LLC's marks or any future marks, including without limitation MR. ROOTER, RAINBOW INTERNATIONAL, MR. APPLIANCE, MR. ELECTRIC, AIRE SERV, FIVE STAR PAINTING, WINDOW GENIE, THE GROUNDS GUYS, AND GLASS DOCTOR;

2) providing, selling, marketing, advertising, promoting, or authorizing any third party to provide, sell, market, advertise, or promote any goods or services for the solicitation of job applicants for any of the twenty three (23) franchise brands or any future brands, including without limitation MR. ROOTER, RAINBOW INTERNATIONAL, MR. APPLIANCE, MR. ELECTRIC, AIRE SERV, FIVE STAR PAINTING, WINDOW GENIE, THE GROUNDS GUYS, AND GLASS DOCTOR;

3) engaging in any activity that infringes Dwyer Franchising LLC or ProTradeNet LLC's rights in the marks for any of the twenty three (23) franchise brands or any future brands, including without limitation MR. ROOTER, RAINBOW INTERNATIONAL, MR. APPLIANCE, MR. ELECTRIC, AIRE SERV, FIVE STAR PAINTING, WINDOW GENIE, THE GROUNDS GUYS, AND GLASS DOCTOR;

4) knowingly using Dwyer Franchising LLC or ProTradeNet LLC's marks for any of the twenty three (23) franchise brands, or any future brands, or any other trademark,

service mark, trade name and/or trade dress owned or used by Dwyer Franchising LLC or ProTradeNet LLC now or in the future, or that is likely to cause confusion with Dwyer Franchising LLC or ProTradeNet LLC's marks, without Dwyer Franchising LLC or ProTradeNet LLC's prior written authorization;

5) holding themselves out as being associated with, authorized by or on behalf of, or acting as an agent, representative or vendor of Dwyer Franchising LLC or ProTradeNet LLC's; and

6) advertising any products or services that have any purported connection to Dwyer Franchising LLC or ProTradeNet LLC or any of Dwyer Franchising LLC or ProTradeNet LLC's twenty-three (23) franchise brands or any future brands;

7) engaging in any activity constituting unfair competition with to Dwyer Franchising LLC or ProTradeNet LLC;

8) engaging in any activity that is likely to dilute the distinctiveness of the Dwyer Franchising LLC or ProTradeNet LLC's marks or any future marks, including without limitation MR. ROOTER, RAINBOW INTERNATIONAL, MR. APPLIANCE, MR. ELECTRIC, AIRE SERV, FIVE STAR PAINTING, WINDOW GENIE, THE GROUNDS GUYS, AND GLASS DOCTOR;

9) making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Predictive Profiles, Inc.'s goods or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Dwyer Franchising LLC or ProTradeNet LLC or (ii) Dwyer Franchising LLC, ProTradeNet LLC or any of the twenty three (23) franchise brands or future brands or their goods and services are in

any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Predictive Profiles, Inc.;

10) using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods, and/or services with Dwyer Franchising LLC, ProTradeNet LLC or tend to do so;

11) registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating Dwyer Franchising LLC or ProTradeNet LLC's marks or any future marks, including without limitation MR. ROOTER, RAINBOW INTERNATIONAL, MR. APPLIANCE, MR. ELECTRIC, AIRE SERV, FIVE STAR PAINTING, WINDOW GENIE, THE GROUNDS GUYS, AND GLASS DOCTOR, or any other mark that infringes or is likely to be confused with Dwyer Franchising LLC or ProTradeNet LLC's marks, or any goods or services of Dwyer Franchising LLC or ProTradeNet LLC or any of the twenty three (23) franchise brands or future brands, or Dwyer Franchising LLC or ProTradeNet LLC or any of the twenty three (23) franchise brands or future brands as their source;

12) soliciting applicants for employment for any franchisee of Dwyer Franchising LLC or ProTradeNet LLC or any of the twenty-three (23) franchise brands or future brands with whom it does not have a valid existing written agreement;

13) soliciting applicants for employment for any franchisee of Dwyer Franchising LLC or ProTradeNet LLC or any of the twenty-three (23) franchise brands or future brands for any job openings when there is no such opening;

14) aiding, assisting, or abetting any other individual or entity in doing any act prohibited by paragraphs 1 through 13.

IT IS FURTHER ORDERED that not later than seven (7) days of entry of this Final Judgment and Permanent Injunction, Predictive Profiles, Inc. shall transfer ownership of any domain names using Dwyer Franchising LLC or ProTradeNet LLC's marks in any manner to Dwyer Franchising LLC or ProTradeNet LLC or their authorized agent.

IT IS FURTHER ORDERED that Predictive Profiles, Inc. shall file with the Court and serve upon Dwyer Franchising LLC or ProTradeNet LLC's counsel within thirty (30) days after entry of this Final Judgment and Permanent Injunction a report in writing, under oath, setting forth in detail the manner and form in which Predictive Profiles, Inc. has complied therewith.

The permanent injunction shall remain in full force and effect unless and until modified by order of this Court.

This Final Judgment and Permanent Injunction shall be binding upon and shall inure to the benefit of the parties and their respective successors, assigns, and acquiring companies.

IT IS FURTHER ORDERED that the Court retains jurisdiction over this matter and if Predictive Profiles, Inc. is found by the Court to be in contempt of, or otherwise to have violated this Consent Judgment and Permanent Injunction, the parties agree that ProTradeNet LLC and Dwyer Franchising LLC shall be entitled to all available relief which they may otherwise request from the Court, including sanctions for contempt, damages, injunctive relief, attorneys' fees, costs, and any other relief deemed proper in the event of such violation.

IT IS FURTHER ORDERED that all relief not expressly granted be and is hereby DENIED.

SIGNED this 19TH day of February, 2020.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE