UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| PROTRADENET, LLC<br><br>*Plaintiff.*<br><br>v.<br><br>PREDICTIVE PROFILES, INC.<br><br>*Defendant.* | § § § § § § § § § § | Consolidated<br>Civil Action No. 6:18-CV-38-ADA |
| PREDICTIVE PROFILES, INC.<br><br>*Plaintiff.*<br><br>v.<br><br>PROTRADENET, LLC AND DWYER FRANCHISING, LLC,<br><br>*Defendants.* | § § § § § § § § § § § § | |

## PROTRADENET'S AND DWYER'S MOTION FOR ATTORNEYS' FEES AND MEMORANDUM IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiff ProTradeNet, LLC ("ProTradeNet") and Dwyer Franchising, LLC ("Dwyer" or "Dwyer Franchising" herein), and files this Motion seeking an award of attorneys' fees and other related non-taxable expenses and Memorandum in support thereof. Fed. R. Civ. P. 54(d)(2). This Motion is being submitted pursuant to the Court's order in ECF 120. In support thereof, PTN/Dwyer would show the honorable Court as follows:

Plaintiff and Counter-Defendants are ProTradeNet LLC and Dwyer Franchising LLC.

Defendant and Counter-Plaintiff is Predictive Profiles, Inc.

On February 19, 2020, the clerk entered judgment for ProTradeNet and Dwyer Franchising after a bench trial.

To recover attorneys' fees, the party must be considered the prevailing party. The prevailing party is the party that success on any significant issue in the litigation and success provides some benefit that had been sought by the party. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Thoroughbred Software Int'l, Inc. v. Dice Corp.*, 488 F.3d 352, 362 (6th Cir. 2007). In the present case, Movants are the prevailing party because the relief sought by ProTradeNet and Dwyer Franchising was awarded and the relief sought by Predictive was denied.

ProTradeNet is entitled to attorneys' fees because the parties entered into an agreement that provides for the award of attorneys' fees. *Chevron Intellectual Prop., LLC v. Allen*, No. 7-08-CV-98-O, 2009 U.S. Dist. LEXIS 74751 at *8 (N.D. Tex., Aug. 24, 2009).

Dwyer Franchising is entitled to attorneys' fees because the injunctive claims for relief granted to Dwyer are an exceptional case. Additionally, the Court found that this case constitutes an exceptional case. ECF 118 at 26. . Section 35(a) of the Lanham Act allows an award of attorneys' fees in exceptional cases where the violative acts are deliberate or willful. 15 U.S.C. § 1117(a). "[A]n award of attorney fees is premised on the defendant's 'knowing' conduct." *Microsoft Corp. v. Software Wholesale Club, Inc.*, 129 F. Supp. 2d 995, 1011 (S.D. Tex. 2000). "A district court should consider all the facts and circumstances in determining whether a case is exceptional." *Pebble Beach Co. v. Tour 18 I Ltd.*, 155 F.3d 526, 555 (5th Cir. 1998) (citing *CJC Holdings Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 65 & n. 2 (5th Cir. 1992) (applying the same standard for "exceptional" in patent cases to trademark cases). There is no "precise rule or formula" for evaluating those relevant facts, but they include Defendant's willfulness in conducting its infringing activity, in addition to "<u>the unreasonable manner in which the case was litigated.</u>" *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749, 1756 (2014) (emphasis added). In the instant case, the Court has already found that "Predictive has acted with reckless disregard for the Dwyer Groups rights or were willfully blind in connection with their unlawful activities" and that "Predictive has willfully and maliciously engaged in its infringing

activities. ECF 118 at 25. This formed the basis of this Court's finding that "this case constitutes an exceptional case as defined by 15 U.S.C. § 1117(a)." ECF 118 at 26.

After the Court determines that the case is exceptional, it must then determine whether the fee award is appropriate. *Howlink Glob. LLC v. Centris Info. Servs., LLC*, No. 4:11CV71, 2015 WL 216773, at *5 (E.D. Tex. Jan. 8, 2015) (citing *Motorola, Inc. v. Interdigital Tech. Corp.*, 121 F.3d 1461, 1467–68 (Fed. Cir. 1997); *Sulzer Textil A.G. v. Picanol N.V.*, 358 F.3d 1356, 1370 (Fed. Cir. 2004)). The willful nature of Predictive Profile's infringement, coupled with the unreasonable manner in which it litigated this case is the high degree of culpability that supports an award of Dwyer's reasonable attorneys' fees.

"Determination of reasonable attorneys' fees involves a two-step procedure." *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323-24 (5th Cir. 1995). "Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers." *Id.* at 324. Next, "the district court must multiply the reasonable hours by the reasonable hourly rates." *Id.* "The product of this multiplication is the lodestar, which the district court then either accepts or adjusts upward or downward, depending on the circumstances of the case." *Id.* The Court's determination of the amount is reviewed for "clear error." *Id.*

In this case, ProTradeNet and Dwyer's attorneys' fees are reasonable and were necessary to obtain the favorable judgment, and these fees are supported by the declarations of Jim Dunnam and Victor C. Johnson. The reasonable value for the time worked on this case is as reflected in Exhibits A and B. The billable amounts are reasonable. The attorneys that led the trial have decades of combined experience and have successfully litigated several intellectual property and commercial contract litigation matters

The number of hours expended, multiplied by the attorneys' hourly rates may be adjusted upwards or downwards based upon the facts of the specific case, including such factors as the results

obtained.  For example, "did Predictive Profiles, Inc. achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?"  In this case, ProTradeNet and Dwyer prevailed on the entirety of the case, including its request for a finding of willful infringement and they were also successful in defending against Predictive's claims.

The fees that ProTradeNet and Dwyer seek are reasonable fee under the Lodestar method. None of those hours would have been necessary without Predictive Profiles' willful infringement, nor would they have been necessary had Predictive Profiles abided by its contractual obligations.  The manner in which Predictive Profiles litigated the case, include willful violation of the injunction, added thousands of dollars to Dwyer's attorneys' fees.

ProTradeNet and Dwyer's attorneys' fees for this type of case were reasonable and necessary, and ProTradeNet and Dwyer's counsel's hourly rates are customary for the type of litigation in the Waco Division.   For the reasons set forth herein, ProTradeNet and Dwyer request that the Court award attorneys' fees pursuant to 15 U.S.C. § 1117(a) based on its prior determination that this case constitutes an exceptional case and the evidence presented herein and that attorneys' fees are also to be awarded under the agreement in question, and exercise its discretion to award ProTradeNet and Dwyer the entirety of their attorneys' fees in the amount of $455,769.71 through trial and $100,000 in the event ProTradeNet and Dwyer are successful on appeal.

ProTradeNet and Dwyer Franchising ask the Court to set this motion or hearing to the extent this motion is contested by Predictive Profiles, Inc.

For these reasons, ProTradeNet and Dwyer Franchising ask the Court to award attorneys' fees as set forth herein.

    Respectfully submitted,

    */s/ Jim Dunnam*
    JIM DUNNAM
    State Bar No. 06258010
    ANDREA MEHTA

State Bar No. 24078992
Dunnam & Dunnam LLP
4125 West Waco Drive
Waco, Texas 76710
(254) 753-6437 Telephone
(254) 753-7434 Facsimile
jimdunnam@dunnamlaw.com
andreamehta@dunnamlaw.com

Victor C. Johnson
State Bar No. 24029640
VJohnson@dykema.com
DYKEMA GOSSETT PLLC
1717 Main Street, Suite 4200
Dallas, Texas 75201
(214) 462-6400 – Telephone
(214) 462-6401 - Facsimile

ATTORNEYS FOR PROTRADENET
AND DWYER FRANCHISING

## **CERTIFICATE OF SERVICE**

    This is to certify that a true and correct copy of the above and foregoing has been sent via the Court's electronic filing system to counsel for Predictive Profiles on March 2, 2020.

                                        _/s/ Jim Dunnam_
                                        Jim Dunnam