**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **PROTRADENET, LLC,**<br>        **Plaintiff,**<br><br>  *v.*<br><br>**PREDICTIVE PROFILES, INC.,**<br>        **Defendant.** | **CONSOLIDATED**<br>**6:18-cv-38-ADA** |

**PREDICTIVE PROFILES, INC.,**
        **Plaintiff,**

  *v.*

**PROTRADENET, LCC and DWYER**
**FRANCHISING GROUP, LLC,**
        **Defendant.**

## <u>MEMORANDUM OPINION & ORDER</u>

Came on for consideration this date is ProTradeNet's and Dwyer's Motion for Attorney's Fees. ECF No. 121. After careful consideration of the Motion, the Parties' briefs, and the applicable law, the Court **GRANTS-IN-PART** ProTradeNet's and Dwyer's Motion.

## I. BACKGROUND

This consolidated action was originally initiated by ProTradeNet LLC ("ProTradeNet") in the District Court, 170th Judicial District, of McClennan County, Texas on January 12, 2018, bearing Cause No. 2018-128-4, seeking only declaratory relief. ECF No. 1-1. Thereafter, Predictive Profiles, Inc. ("Predictive") removed the matter to this Court on February 9, 2018. ECF No. 1. Simultaneously, Predictive initiated a separate suit against ProTradeNet and its corporate parent, Dwyer Franchising Group, LLC ("Dwyer") (collectively "P&D") in this Court seeking

affirmative relief and bearing Civil Action No. 6:18-cv-39. Both actions were subsequently consolidated into the present action. ECF No. 20. After a two-day bench trial, the Court found in favor of P&D. ECF No. 120. It also found that this case was "exceptional" under 15 U.S.C. § 1117(a) and that P&D may recover "reasonable and necessary attorneys' fees." *Id.* at 2.

P&D requested their attorney's fees under Fed. R. Civ. P. 54(d)(2) on March 2, 2020, seeking an award of $455,769.71 through trial and "$100,000 in the event [P&D] are successful on appeal." ECF No. 121 at 5. Predictive then filed a Memorandum in Opposition to Motion on March 16, 2020, arguing that P&D's hours charged are not reasonable and that the counsel is not entitled to fees they have not earned. ECF No. 126. P&D filed their response on March 23, 2020. ECF No. 128.

## II. LEGAL STANDARD

To calculate attorney's fees, the Fifth Circuit uses the "lodestar" method for fee award purposes. *Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002). The lodestar is calculated by multiplying the number of hours that an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). The parties seeking reimbursement of attorney's fees bear the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See id.* The hours remaining are those reasonably expended.

There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). "However, after calculating the lodestar, a district court may enhance or decrease the amount of attorney's fees based on the relative weights of the twelve

factors set forth in" *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974). *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins*, 7 F.3d at 457.

### III. ANALYSIS

The Court finds that both ProTradeNet and Dwyer are entitled to attorney's fees. ProTradeNet has previously entered into an agreement with Predictive that awards them attorney's fees. ECF No. 121 at 2. Further, this Court has already found that the case is exceptional, allowing Dwyer to recover reasonable attorney's fees. ECF No. 120 at 2.

#### A.      Reasonableness of Rate of Hours Billed

"To determine reasonable rates, a court considers the attorneys' regular rates as well as prevailing rates." *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995). "When an attorney's customary billing rate . . . is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed." *Id.* "An attorney's requested hourly rate is *prima facie* reasonable when he requests that the lodestar be computed at his or her customary billing rate, the rate is within the range of prevailing market rates [,] and the rate is not contested." *In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 851 F. Supp. 2d 1040, 1087 (S.D. Tex. 2012) (alteration in original) (internal quotation marks omitted) (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995)). The Court may also use its own expertise and judgment to make an independent determination of the value of an attorney's services. *See Hilton v. Exec. Self Storage Assoc., Inc.*, No. H-06-2744, 2009 WL 1750121, at *9 (S.D. Tex. June 18, 2009) (citing *Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.*, 526 F.2d 865, 868 (5th Cir. 1976)).

The Court is persuaded that P&D's attorney billing rates are reasonable. Predictive argues that P&D did not present independent evidence supporting the reasonableness of their billing rates

and instead relied solely on the Declarations of Jim Dunnam and Victor C. Johnson. ECF No. 126 at 2. It also argues the rates charged by P&D are unreasonable in view of the "prevailing market rates" presented in the 2015 Attorney Hourly Fact Sheet ("Rate Sheet") produced by the State Bar of Texas for attorneys and legal staff. *Id.* at 2–3. Finally, Predictive argues that P&D has not sufficiently qualified the legal assistants to justify compensating them for legal work. *Id.* at 5.

On the first point, the reasonable hourly rate should be determined by the market rate in "the community in which the district court sits." *Tollett*, 285 F.3d at 368. "Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there." *Id.* (citation omitted). This Court finds that Predictive's argument that the exclusive use of Victor Johnson's and Jim Dunnam's declaration falls short. In addition to Jim Dunnam and Victor Johnson's Declarations, P&D cited to the American Intellectual Property Law Association 2019 Report of the Economic Survey. ECF No. 128 at 2. It also pointed to representations Predictive submitted when designating its expert witnesses. *See id.* Specifically, Predictive submitted Justin M. Klein as an expert qualified to testify "regarding the reasonable and necessary attorneys' fees incurred in this matter from inception through to conclusion." ECF No. 59 at 5. Mr. Klein was expected to opine that his $700/hour rate was reasonable, as were the: $450–$525/hour rates for associates; the $125/hour rates for paralegals; and the $75/hour rate for legal assistants. *Id.* Furthermore, the Fact Sheet that Predictive references provides a starting point for evaluating reasonableness. *West v. Zedric's LLC*, No. SA-19-CV-00556-FB, 2019 WL 6522828, at *3 (W.D. Tex. Dec. 3, 2019). As such, the Court finds that P&D reach their burden of proof and that there is enough evidence to determine reasonable attorney's fees in the Waco area. *See, e.g.*, *Stancu v. Hyatt Cor./Hyatt Regency, Dallas*, No. 3:17-cv-675, 2018 WL 5084912, at *5 (N.D. Tex. Oct. 18, 2018) (relying on only an attorney affidavit in determining reasonableness of rates);

*Systemforward Am., Inc. v. Pick-A-Lock, Inc.*, No. SA-07-CA-126-OG, 2008 WL 11411853, at *3 (W.D. Tex. Jan. 14, 2008) (using a single attorney affidavit to determine reasonableness of attorney rate).

To begin, Victor Johnson's $545 hourly rate is reasonable. The Rate Sheet that Predictive extensively references includes a section stating that the median hourly rate for an intellectual property lawyer was $365 in 2015, the fourth highest charging practice area. ECF No. 126-1 at 7. Applying the two-year percent change for intellectual property attorneys listed in the Rate Sheet for the time between 2015 and 2019, the median 2019 rate would be $443. Concurrently, the American Intellectual Property Law Association Report of the Economic Survey found that in 2019, the median partner rate was $521. ECF No. 128-1 at 109. While the Rate Sheet does not identify a rate for intellectual property lawyers in West Texas, the lowest rate for intellectual property lawyers by geographic location was $345 in 2015. ECF No. 126-1 at 10. In comparison, the median hourly rate for full-time private practitioners in 2015 was $260. *Id.* at 1. In Predictive's reply, it fails to account for the fact that intellectual property is one of the most expensive practice areas to litigate in and that rates have increased between 2015 and 2020. The Court concludes that the $545 hourly rate is reasonable. *See, e.g.*, *Virtual Chart Sols. I, Inc. v. Meredith*, No. 4:17-CV-546, 2020 WL 1902530, at *15–16 (E.D. Tex. Jan. 13, 2020) (Craven, J.), *R&R adopted*, No. 4:17-CV-546, 2020 WL 896674 (E.D. Tex. Feb. 25, 2020) (Mazzant, J.) (finding rates for intellectual property lawyers of $295 to $580 to be reasonable). This rate is also consistent with the Court's own experience and judgment of prevailing market rates within this area of law in this geographic area.

Next, the Court finds that Jim Dunnam's hourly $375 rate is reasonable. Predictive fails to adjust the 2015 rate to reflect a reasonable rate in 2020. Predictive's statement that the Fact Sheet

"is the only evidence for the prevailing market rates in West Texas," ECF No. 126 at 5, falls short because of the opinions of Jordan Mayfield, Predictive's attorney fee experts practicing in Waco, ECF No. 59. Mayfield states that a reasonable rate for an attorney of his experience is $300. ECF No. 59 at 6. This Court finds that $375 is a reasonable rate when the litigation involves complex trademark and contract claims that survived through to trial and is reasonably within the scope of prevailing market rates. This rate is also consistent with the Court's own experience and judgment of prevailing market rates within this area of law in this geographic area.

Andrea Mehta and Eleeza Johnson are both evaluated by Predictive based solely on their experience. According to the Fact Sheet, the median rate for commercial litigation attorneys in West Texas in 2015 was $250 per hour. ECF No. 126-1 at 10. Further, the Fact Sheet states that the median hourly rate for commercial litigation was $283 per hour. *Id.* at 7. Both attorneys charge a fee of $325 per hour. ECF No. 126 at 4–5. Again, the Court finds that this rate is a reasonable rate for complex litigation issues based on P&D's attorney declarations. Further, Predictive does not move to reduce fees for Mason Dunnam. *See id.* Thus, the Court finds that Mason Dunnam's fees are reasonable.

Moving onto the legal assistants and law students, the Supreme Court has found that work completed by paralegals, law clerks, and legal assistants is compensable. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 289, 109 S. Ct. 2463, 2472, 105 L. Ed. 2d 229 (1989). Paralegal work can only be recovered as attorney's fees to the extent that the paralegal performs work "traditionally done by an attorney." *Allen v. United States Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982). All other paralegal work is considered "unrecoverable overhead expenses." *Allen*, 665 F.2d at 697. The Court is not persuaded that the legal assistants and legal interns listed in Dunnam's Declaration completed work that was not clerical. Dunnam states that he has "personally reviewed and [has]

6

knowledge of the time that [the legal assistants and student interns] . . . incurred in this case." ECF No. 121-1 at 4. But he does not provide any details about the work completed by these legal assistants. *Id.* The billing statement also demonstrates that the legal interns regularly completed purely clerical work including: reviewing, compiling, filing, editing, and downloading. *See id.* Further, the Court is persuaded that P&D did not provide sufficient evidence to prove that the legal assistants were qualified to perform substantive legal work. As such, this Court cannot conclude that the fees accrued by the legal assistants and interns is recoverable.

Therefore, this Court finds that the hourly rates of the legal associates are reasonable. But P&D have not shown that the legal assistants, legal interns, and law students fall under the scope of recoverable fees and should not be included in the lodestar.

### B.      Reasonableness of Quantity of Hours Billed

"[T]he burden of proof of reasonableness of the number of hours is on the fee applicant, and not on the opposing party to prove their unreasonableness." *Leroy v. Houston*, 831 F.2d 576, 586 (5th Cir. 1987) (citation omitted). "Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006). If evidence of billing judgment is not submitted, a fee award should be reduced accordingly by a percentage intended to substitute for the exercise of billing judgment. *Id.*

Predictive argues that the use of block billing, inclusion of administrative tasks, inclusion of traveling time, redundant billing, and a multitude of people working on the same matters all constitute a lack of billing judgment. ECF No. 126 at 6–8. "[I]f a party does not object to particular billing entries as inadequately documented, the court is not obligated *sua sponte* to sift through fee records searching for vague entries or block billing. It is a common practice for courts to address only those potentially inadequate entries brought to the court's attention." *See KeyCorp v. Holland*,

No. 3:16-cv-1948, 2017 WL 606617, at *22 (N.D. Tex. Feb. 15, 2017) (quotation marks omitted). As such, the Court will only consider the entries that were specifically raised or are relevant to the issues raised.

To start, Predictive states that the $7,976.96 professional discount that Victor Johnson provided does not rise to the level of billing judgment. ECF No. 126 at 6. The Court agrees that this singular deduction is not sufficient to demonstrate that "unproductive, excessive, or redundant" hours were written off.

Next, Predictive argues that the block entries on August 5 and 6, 2019 which are titled, "WORK ON MEDIATION STATEMENT AND MOTION TO ENFORCE," show a lack of billing judgment. *Id.* The Court is persuaded that these entries, along with numerous other multi-hour billing entries, demonstrate a lack of billing judgment. As Predictive correctly states, "block billing prevents [the] Court from determining if the hours spent on each individual task are reasonable and demonstrates that counsel did not exercise billing judgment." *Id.* The Court is persuaded that these specific block entries are unreasonable and demonstrate a lack of billing judgment.

Additionally, Predictive points towards two billing entries that represent administrative tasks: "[f]ormatted discovery requests" and "[d]ownloaded/uploaded discovery." *Id.* at 7. P&D respond by stating that these tasks are preceded by designations that demonstrate that they go beyond purely administrative tasks. ECF No. 128 at 5. The Court finds that these designations are not sufficient to show that these tasks were not purely administrative. The "[f]ormatted discovery requests" entry is preceded by "documents prepared," which does nothing to indicate that the work was not clerical. ECF No. 121-1 at 25. Further, "documents reviewed" does not demonstrate that this was not administrative work. Exhibit A has other and more appropriate potential designations,

such as "[r]eview" or "[p]roofread," that would indicate that the work required legal aptitude. *Id.* at 39. Thus, this Court finds that entries that are exclusively for formatting or downloading are unreasonable and should not be included in the lodestar calculation.

Next, Predictive states that the travel costs indicate that there is a lack of billing judgment. ECF No. 126 at 7. P&D respond by stating that there are several factors that merit awarding travel time:

> (1) Mr. Johnson discounted his normal rate; (2) travel time was minimal - only when his presence was necessary (i.e., trial, pre-trial hearing); (3) Mr. Johnson's nearly twenty (20) year expertise in trademark cases was necessary to this matter and unmatched by any local practitioner; and (4) Mr. Johnson lost the opportunity to bill to other client matters when he had to travel from Dallas to Waco.

ECF No. 128 at 4.

The Court finds that some of the travel costs are warranted. The block billing for travel to Waco and the return to Dallas amount to more than $6,000. ECF No. 121-2 at 29. These entries are titled, "PREPARE FOR TRIAL; TRIP TO WACO;" "PREPARE FOR AND ATTEND TRIAL DAY 1; PREPARE FOR DAY TWO OF TRIAL;" and "PREPARE FOR AND ATTEND TRIAL; RETURN TRIP TO DALLAS." *Id.* It is impossible for the Court to determine which costs are associated with preparing for trial and traveling due to the block billing. Therefore, the Court finds that the costs associated with the hotel and mileage are reasonable. *See generally id.* at 31. But the Court cannot determine if the remaining travel costs are reasonable and consequently cannot award associated costs.

Predictive proceeds to point towards multiple "redundant" billing entries. ECF No. 126 at 8. The Court is not convinced that the email charges for 0.4 to 0.5 hours are unreasonable. Predictive offers no justification for removing these costs besides asserting that they are excessive. *Id.* at 7. Emails do not have a word limit and it is reasonable that the listed emails took 0.4 to 0.5

hours to write. Conversely, the Court agrees with Predictive that the entries directed to "case updates- January to April (0.25 per month x 4 months)" are redundant and can also be found in the entries for "Monthly Case Updates." ECF No. 121-1 at 13. Thus, the entries of "[f]or case updates- January to April (0.25 per month x 4 months)" should not be included in the calculation of attorney's fees.

Predictive also argues that P&D unnecessarily allowed four different people to enter time "for attending the mediation on behalf o[f] Movants, incurring billing in the amount of $13,972.50." ECF No. 126 at 8. "[W]hile a party is free to employ multiple attorneys, that party's opponent is not required to pay for duplicative work by those attorneys—it remains the burden of the party seeking fees to demonstrate the reasonableness of all the fees it seeks." *Jolie Design & Décor, Inc. v. Gogh*, No. CV 15-0740, 2016 WL 4708210, at *4 (E.D. La. Aug. 11, 2016), *R&R adopted*, No. CV 15-0740, 2016 WL 4718186 (E.D. La. Sept. 8, 2016). This Court finds the P&D have not demonstrated that it was reasonable for four different attorneys to bill for this mediation. Thus, the Court will not include the billing for three of these attorneys during the mediation conference in the calculation of attorney's fees.

Finally, Predictive requests a 15% to 30% reduction in the fees due to the demonstrated lack of billing judgment. ECF No. 125 at 8. The Fifth Circuit has held that "[t]he proper remedy when there is *no evidence* of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment." *Walker*, 99 F.3d at 770 (emphasis added). This Court finds that Jim Dunnam exercised billing judgment but Victor Johnson did not. Jim Dunnam's billing reports are split into detailed and short time blocks while Victor Johnson has numerous charges that span multiple hours. *See* ECF Nos. 121-1, 121-2. The "professional discount" is vague; it is unclear if it is merely a professional courtesy or whether Mr. Johnson

intended it to represent billing judgment. ECF No. 121-1 at 2. Further, travel and legal work are repeatedly combined into single entries, making it impossible to determine the amount charged for each. *E.g.*, *id.* at 29. As a result, the Court sees no evidence of billing judgment in Victor Johnson's billing. Thus, the Court finds that is appropriate to **reduce the fees that result from Victor Johnson's billed hours by 10%**.

### C.    Lodestar Adjustment

"There is a strong presumption that the lodestar is the reasonable fee, and the fee applicant bears the burden 'of showing that such an adjustment is necessary to the determination of a reasonable fee.'" *Walker*, 99 F.3d at 771 (citation omitted). Limited success in outcome of the suit requires a downward adjustment of the lodestar. *Id.* at 772.

P&D do not move for an upward adjustment and there is no evidence to show that the lodestar should be adjusted upward. The Court does not find that an upward adjustment to the lodestar is appropriate.

Moving onto a downward adjustment, this Court must consider the *Johnson* factors, which are:

> 1) the time and labor required for the litigation; 2) the novelty and complication of the issues; 3) the skill required to properly litigate the issues; 4) whether the attorney had to refuse other work to litigate the case; 5) the attorney's customary fee; 6) whether the fee is fixed or contingent; 7) whether the client or case circumstances imposed any time constraints; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) whether the case was "undesirable;" 11) the type of attorney-client relationship and whether that relationship was long-standing; and 12) awards made in similar cases.

*Louisiana Power*, 50 F.3d at 329 n.18.

Predictive argues that the lodestar should be reduced because: of overlapping tasks and redundant work; the absence of any preclusive effect that prevented attorneys from working with

other clients; and P&D does not offer any support for the other *Johnson* factors. ECF No. 126 at 9–10. P&D contends that there should be no downward adjustment because the case presented complicated and novel issues. ECF No. 128 at 5. It also argues that the need for extensive research and billed hours was a result of Predictive's numerous motions, not their own actions. *Id.* at 6.

This Court is not persuaded that there needs to be a downward adjustment to the lodestar. First, the Court has already reduced the overlapping and redundant work in the preceding section. Predictive claims that P&D statements are replete with redundant charges but fails to recognize more than a single instance of redundant work. The Court disagrees with Predictive. Reducing the lodestar would be a double reduction as a result of the recognized errors. Second, the Court agrees with Predictive that the multiple attorneys and support staff working on the case over the period of two years demonstrates that there were no preclusive effects as a result of this case. *See Meadows v. Latshaw Drilling Co.*, LLC, No. 3:15-CV-1173-N, 2020 WL 291582, at *5 (N.D. Tex. Jan. 21, 2020). Finally, the lodestar is presumed to be reasonable when no adjustment is requested. *See Walker*, 99 F.3d at 771. Thus, the argument that P&D fail to provide evidence regarding the remaining factors has no bearing on this analysis.

On balance, the Court finds that the factors favor not disturbing the lodestar. The Fifth Circuit has stated, "[t]he most critical factor in determining a fee award is the 'degree of success obtained.'" *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003) (alterations in original and internal quotations omitted). P&D fully prevailed and obtained all relief they requested, as well as overcoming Predictive's claims for damages. ECF No. 128 at 3. The Court finds that the fees P&D requests are aligned with a case of this magnitude, length, and complexity, outweighing the preclusion factor. Therefore, the Court finds that the lodestar should **not be adjusted.**

**D.      Appeal Costs**

P&D argue that they are entitled to $100,000 in the event that P&D are successful on appeal. ECF No. 121 at 4. P&D have not filed an appeal and have accumulated no associated costs. As a result, the Court **DENIES** the $100,000 associated with a potential appeal.

## IV. CONCLUSION

For the reasons set forth herein, ProTradeNet's and Dwyer's Motion for Attorney's Fees Pursuant to 15 U.S.C. § 1117(a), ECF No. 121, is **GRANTED-IN-PART**. The requested fees shall be adjusted according to this order, which is as follows:

- Legal assistant, legal intern, and law student fees **should not be recovered.**
- Entries that are exclusively for formatting or downloading **should not be recovered.**
- Travel costs, excluding the hotel and mileage costs (ECF No. 121-2 at 31), **should not be recovered**.
- Entries of "[f]or case updates- January to April (0.25 per month x 4 months)" **should not be recovered**.
- Billing for three of the attorneys during the mediation conference **should not be recovered**.
- Victor Johnson's billed hours **should be reduced by 10%**.

The Court awarded attorney's fees shall be due and payable in full by Predictive within 30 days from the issuance of this Order.

SIGNED this 9th day of June, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE